*APPLEGATE & AL* vs. *MORGAN & AL.*

Plaintiff cannot take a nonsuit after a general verdict

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. This case comes before the court on an

EasternDis'ct
April, 1827.

APPLEGATE
vs.
MORGAN &AL

assignment of errors, apparent on the face of the record. In the court below, the cause was submitted to a jury, who found a general verdict for the defendants, and after this ver. dict was returned into court, the plaintiffs, by their counsel, moved for a judgment of non suit, which was allowed by the judge *a quo*; and from this judgment the defendants appealed.

The error alleged, is the illegality of a non suit, or discontinuance of their action by the plaintiffs, after a general verdict found in favour of the defendants. That plaintiffs have not such controul over their suits as to discontinue or claim the benefit of non-suit after general verdicts, is a principle settled and established by the decision of the case cited by the counsel for the appellants, from 7 *Mart. Rep.* p. 490. And the doctrine therein recognised has not been altered by the Code of Practice.

It is true that the article 491 of this work, authorises a plaintiff to discontinue his suit at any stage before judgment; but this provision of law relates solely to trials before the court, without the intervention of a jury. The art. of that code, which governs the present case,

EasternDis'ct
*April,* 1827.

APPLEGATE
*vs*
MORGAN & AL

is 532, and relates to a trial before a jury; wherein it is declared that a plaintiff is at liberty, on paying costs, to discontinue his suit before the jury retire to consider of their verdict—but if a verdict be rendered, it shall be binding, &c.

In the present case, it does not appear that any motion was made for a discontinuance or non suit, before the jury had withdrawn, and returned into court with their verdict.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled. And proceeding here to give such judgment as, in our opinion, ought to have been given in the court below : it is ordered, adjudged and decreed, that final judgment be entered for the defendants and appellants, with costs in both courts.

*Duncan* for the plaintiff, *Saunders* for the defendants.